IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CATHY LYNN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:23-CV-00216-H-BU |
| SHARLI POWELL ROGERS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cathy Lynn Johnson brings this action against Defendant Sharli Powell Rogers for claims that remain unclear. Johnson's claims are subject to judicial screening under 28 U.S.C. § 1915 because Johnson has been granted leave to proceed *in forma pauperis*. Dkt. No. 5. For the reasons below, the Court should DISMISS Johnson's claims as frivolous and for failure to state a claim upon which relief may be granted.

## I. JURISDICTION

The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix automatically referred Johnson's case to the undersigned under Special Order 3-251 for preliminary screening. 28 U.S.C. § 636(c)(1). Johnson has not consented to the undersigned exercising the full jurisdiction of this Court.

## II. FACTUAL AND PROCEDURAL HISTORY

For purposes of screening a plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B)

1

or 1915A, a court must accept well-pleaded factual allegations as true and construe them in a way that most favors the plaintiff. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). A court may look to the plaintiff's allegations in their complaint, responses to a questionnaire, authenticated prison or jail records, and testimony provided at a *Spears* hearing. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may consider authenticated medical and prison records).

Johnson filed her Complaint on November 9, 2023, and the Court granted her leave to proceed *in forma pauperis* that same day. Dkt. Nos. 1, 4–5. Johnson's Complaint reads as follows:

> Requesting a court hearing and date of regards of negligence, mail fraud, sexual harassment of the real Johnson's family members of Debby, Karl, Essence, Karl Johnson Junior, also fields family for a wavier to hide accidental innocents through the military to hide out deaths through the organization through Monks, Bogies, United Way, Betty Hardwick, Salvation Army, Postal services, Hendricks hospital and medical center. Niece's daughter 10 months old Nevan. DHS officer for unlawful right of guardianship of Debby, Essence, Karl, [illegible] myself.

Dkt. No. 1 at 1.

On the Civil Cover Sheet attached to her Complaint, Johnson checked that there was federal question jurisdiction, that she was a citizen of Texas, and that a defendant—presumably, Rogers—was a citizen of another state, of a foreign country, and was a foreign nation. *Id.* at 2. When asked to note the nature of the suit, Johnson checked eleven boxes ranging from "Personal Injury – Product Liability" to "Marine." *Id.*

The Court found that Johnson's Complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure and ordered her to replead her claims. Dkt. No. 6. Johnson filed a Response which reads:

> To whom it may concern,
> I will be representing myself in a civil court. My name is Cathy Lynn Johnson for my personal and family paperwork including birth certificate, social security card, child support, CPS case, and my mother's Debby Lynn Starck Johnson for Guardianship of her so she can do what she wants to without entry a nursing home she will have freedom like myself. Please grant me this so I can have my family Debby Johnson, Karl Gene Johnson, Essence Lynn Nicole Johnson, and Karl Gene Johnson Jr.

Dkt. No. 7. The Court then sent a Magistrate Judge's Questionnaire in the hopes that Johnson's responses could shed light on her claims. When asked, "[w]ho is Sharli Powell Rogers?," Johnson responded:

> Yes. Mrs. Sharli Rogers is she wanted in 6 states sex offender for rapes including Miami Beach, Florida, [Dayton] Ohio, Henderson Hasbourgh Tx, Bowling Green Ky, Abilene, Txs. Also known for fake ID's voluntary travel pass through Bowling Green, KY owes loans and mortgages, and my family.

Dkt. No. 9 at 1. In response to the question, "[h]ow did Rogers cause you harm?," Johnson stated:

> By killing Ashley Rose 2020 my daughter through sex offenders 75 of them explicit tapes at 1033 US 31 West Bypass 150 of them locked up, last Dick, Louisville Ky. Never hurted me besides hurting me in my heart by killing my family in Abilene, Tx.

*Id.* at 2.

The Court also asked Johnson to describe when her injuries occurred, to which she replied:

> Mental, physical stress not knowing if my family are alive or dead. Murders, rapes wavier included. Hurting those that was close to me.

*Id.* When asked where her harm occurred, Johnson said:

> Bowling Green, Ky with a 17 year old not through me through children, but also out here through my mother [accomplices] Nicole Skyes, Deshaun Crawford Johnson, Homeless Jones, Drug Dealers, Spalding Navy military official through fields, Richter family.

*Id.* at 3. Finally, when asked what relief she was seeking, Johnson stated:

> To seek justice though my own insanity of the Johnson's family are alive or not. Debby, Karl, Essence, Karl, Ashley Rose, Ashlynn Johnson, Madlynn Maggie Fields so I can move forward in my life with or without my family, hoping with my family.

*Id.*

## III. LEGAL STANDARDS AND ANALYSIS

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). As a result, federal courts have an independent duty to examine their own subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) ("Subject-matter limitations . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.") (citations omitted)).

Because Johnson chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194

(5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505–06 (5th Cir. 2017) (per curiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if she does not, this lawsuit must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

A federal court must not assume that it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction,

parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings.") (quoting *Getty Oil*, 841 F.2d at 1259).

Neither Johnson's Complaint nor her questionnaire responses contain factual allegations to support jurisdiction based on a federal question or diversity of citizenship. Even under the most liberal construction, there is nothing in Johnson's filings that implicate a substantial, disputed question of federal law, or even hint at one. *See generally* Dkt. Nos. 1, 7, 9. "Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). And when claims are "'wholly insubstantial and frivolous,'" federal courts simply lack the power to entertain them. *Id*. (quoting *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 343–44 (5th Cir. 1977)).

Nor has Johnson affirmatively and distinctly alleged diversity jurisdiction. *See generally* Dkt. Nos. 1, 7, 9. Indeed, the sole references to either a federal question or the citizenship of the parties are the checked boxes on the Civil Cover Sheet. Dkt. No. 1–1. But it is settled that the Civil Cover Sheet is not a pleading or otherwise considered part of the complaint, and thus courts do not rely on it when determining jurisdiction. *See Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 872 (N.D. Tex. 2017) (citation omitted); *see also Good v. Kroger Tex., L.P.*, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013) (a "box checked on a state civil cover sheet is insufficient to show that an amount in controversy is facially apparent[.]").

Moreover, even if the Court had jurisdiction, Johnson's claims are fatally disjointed and incoherent. As best as the undersigned can tell, she believes that a member of her family was killed around 2020 in Bowling Green, Kentucky. The undersigned is at a complete loss as to how that death occurred, the circumstances surrounding that event, and—most importantly—how Sharli Powell Rogers's acts or omissions caused or contributed to any harm suffered by Johnson.

Although Courts must construe filings from a pro se party liberally, *see Estelle*, 429 U.S. at 106, there is no amount of liberal construction that could decipher Johnson's claims and find a cognizable claim for relief. Moreover, Johnson's rambling allegations appear to be "fanciful, fantastic, and delusional," and therefore frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citing *Neitzke*, 490 U.S. 325–28).

Accordingly, the undersigned RECOMMENDS that the Court Dismiss Johnson's claims for lack of subject matter jurisdiction or, in the alternative, as frivolous and for failure to state a claim.

Still, there is the issue of whether the Court must give Johnson leave to amend her complaint. Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Leave to amend is not required, however, where an amendment would be futile, in other words, the amended complaint would still fail to state a claim, *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014), or where a plaintiff has already received an opportunity to amend his or her claims, *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007).

The Court has already granted Johnson multiple opportunities to detail her claims and to provide facts supporting her entitlement to relief. But even after those opportunities, the undersigned cannot comprehend Johnson's claims and there is nothing to suggest that granting Johnson another opportunity to amend her claims will salvage her claims. The undersigned finds that further leave would be futile and RECOMMENDS that the Court deny Johnson leave to amend her claims.

## IV. CONCLUSION

For the reasons explained above, the undersigned RECOMMENDS that the Court (1) DISMISS Johnson's claims for lack of subject matter jurisdiction or, in the alternative, as frivolous and for failure to state a claim upon which relief may be granted, and (2) DENY her leave to amend her claims.

## V. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 26th day of February 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE